**FILED**
**Dec 13, 2022**
**12:08 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Rosalind Derrick,** | ) | **Docket No. 2022-06-1194** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Optum Services, Inc.,** | ) | **State File No. 28079-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **Farmington Cas. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS

---

At an expedited hearing on December 8, 2022, Rosalind Derrick sought a revised panel for treatment of her carpal tunnel syndrome. Specifically, Ms. Derrick took issue with Optum offering a panel that listed two specialists whom she has already seen. Optum countered that Ms. Derrick is not entitled to additional treatment because the specialists she has already seen do not believe her condition is work-related.

The case does not turn on the panel requirement. Rather, the critical question is whether Ms. Derrick's injury arose primarily out of employment. On this record, she has not shown that it did, so the Court denies her requested relief at this time. The Court also refers the case to the Compliance Program for a potential penalty because Optum did not offer a panel upon receiving Ms. Derrick's notice of injury.

### Claim History

In January 2022, Ms. Derrick alleged she suffered bilateral upper-extremity injuries from typing/data entry for Optum. She testified that she repetitively moved her computer mouse and typed eight to sixteen hours per day for approximately seven years.

When Ms. Derrick reported the injury and requested medical care in April, Optum did not offer a panel but instead authorized treatment with, and directed her to, Dr. Hilarion

1

Waronzoff-Dashkoff. He treated her conservatively, diagnosed bilateral carpal tunnel syndrome, and referred her to a specialist.

Rather than offer a panel of specialists, Optum again directed Ms. Derrick to a physician it chose, hand specialist Dr. Todd Rubin. After an exam and reviewing EMG results, Dr. Rubin recommended surgery. However, he also wrote, "I discussed with the patient that worker's [sic] compensation may deny this claim as it is very difficult to prove that these symptoms are caused greater than 51% to due [sic] to her work." He also told Ms. Derrick that she could get a second opinion.

Yet again, Optum directed Ms. Derrick to another specialist for a second opinion. She saw Dr. Philip Coogan in late June. Dr. Coogan disagreed that surgery would relieve her symptoms and concluded, "I cannot state with a reasonable degree of medical certainty that her current complaints are more than 50% caused by her work."

After this visit, Ms. Derrick filed a petition for benefit determination requesting a panel. Optum offered a panel in August that listed Drs. Rubin and Coogan, along with another specialist. Ms. Derrick testified that she declined to choose a physician because she had already seen two of the three doctors on the panel. She explained, "That's not giving me a choice to choose a physician. It's still one chosen for me. So that's my whole thing: I didn't get a choice."

Optum denied the claim in early September based on the unfavorable causation opinions from Drs. Rubin and Coogan.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Derrick must show she is likely to prevail at a hearing on the merits that she is entitled to the requested relief. Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The Court agrees with Ms. Derrick that Optum evaded its legal obligation to offer her a choice of physicians. However, on this record, the Court must accept Optum's argument that Ms. Derrick failed to show she will prevail at trial in proving a work-related injury.

Regarding the panel issue, the Workers' Compensation Law requires an employer to furnish reasonable, necessary treatment at no cost to the injured worker. Tenn. Code Ann. § 50-6-204(a)(1)(A). The subdivision goes on to require that an employer "designate a group of three (3) or more . . . physicians . . . from which the injured employee shall select one to be the treating physician." *Id.* at -204(a)(3)(A)(i).

An employer has a "statutory obligation to provide a panel of physicians when a work accident has been reported, Employer has no factual evidence to contest the occurrence of the reported accident, no affirmative defense has been asserted, and medical treatment has been requested." *Hawes v. McLane Co., Inc.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at \*14 (Aug. 25, 2021). An employer must offer the panel of physicians "within three (3) business days from the date the employer has notice of a work-related injury and the employee expressed a need for medical care[.]" Tenn. Comp. R. & Regs. 0800-02-01-.06(2) (May 2018).

Optum partially complied by authorizing treatment with three physicians, two of whom are specialists for this type of injury. However, Optum admitted that, at least three times, it sent Ms. Derrick to physicians rather than offering her a panel. This denied her an opportunity to exercise any choice over her treating physicians.

Even when it did offer a panel, the panel had three specialists, two of whom had already examined her and formed unfavorable causation opinions about her injury. As Ms. Derrick argued, that panel offered her no real choice: like pulling a card from a stacked deck, it funneled her to the only physician on the panel who had not yet examined her. Choosing either of the remaining doctors, who had already expressed unfavorable opinions, would have been nothing short of foolish from her perspective.

Ms. Derrick contended that these failures require the Court to order that Optum offer a new panel, omitting the physicians who have previously evaluated her.

Optum's acts and omissions regarding the panel requirement are troubling for at least two reasons. First, its panel eliminated Ms. Derrick's statutory choice of a treating physician. But also, its defense benefitted substantially from its noncompliance, as it chose the experts who produced the only expert medical evidence. Optum could have accepted Ms. Derrick's claim by offering a panel timely, allowing her some influence. Or, it could have denied her claim outright, spurring her to obtain her own treatment and causation opinion. Instead, Optum commandeered a vital aspect of her claim. It failed to deny her claim until some five months later, after it had gathered its causation evidence through its deliberate noncompliance.

Equally troubling, Optum offered no excuse for its failure, lauding instead the fact that Ms. Derrick received evaluations at no cost. Yet, authorizing treatment "does not replace a panel or relieve that employer of its obligation to provide a panel of physicians[.]" *Hawes,* at \*9. Nor does an employer's medical-causation defense excuse that obligation. "[A]n employer's assertion that an employee has no medical evidence supporting his or her claim does not, standing alone, excuse it from [its] statutory obligations under section 50-6-204(a)(1)(A)." *Id*. at \*10.

Still, Optum's failure does not relieve Ms. Derrick of proving all aspects of her

claim, including causation. An employer must furnish medical treatment for conditions arising primarily out of employment. Tenn. Code Ann. §§ 50-6-204(a)(1)(A), 50-6-102(12). "Arising primarily out of employment" means that it must be shown "to a reasonable degree of medical certainty" that the work accident "contributed more than fifty percent" in causing the need for treatment. *Id.* at -102(12)(C).

Here, Dr. Rubin incorrectly stated the applicable legal standard when he wrote that "worker's [sic] compensation may deny this claim as it is very difficult to prove that these symptoms are caused greater than *51%* to due [sic] to her work." (Emphasis added). In contrast, Dr. Coogan recited the correct percentage in the Workers' Compensation Law when he concluded that he "cannot state with a reasonable degree of medical certainty that her current complaints are more than 50% caused by her work."

Considering these statements, and regardless of Dr. Rubin's flawed perception of the law, the Court finds that two physicians believed Ms. Derrick's injury did not arise primarily out of her employment, and she did not offer a contrary medical opinion.

The facts in this case are similar to *Berdnik v. Fairfield Glade Community Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32 (May 18, 2017). The employer there did not offer a panel after the employee reported an injury but instead denied the claim and later directed her to a physician it chose for an employer's examination. That physician concluded her alleged injury was not work-related. The trial court held that the employee was entitled to a panel due to the employer's failure to offer one from the outset, but the Appeals Board reversed.

The Board held, "[N]ot only is there no medical proof supporting Employee's claim for benefits, but there is unrefuted expert medical proof contrary to her position." *Id.* at *11-12. The Board acknowledged that section 50-6-204 requires an employer to furnish free medical treatment made reasonably necessary by the work injury, and in particular, an employer must "designate a group of three (3) or more . . . physicians . . . from which the injured employee shall select one to be the treating physician." However, where the record contains uncontradicted medical proof refuting causation, a trial court may not order medical benefits that "ignore the only expert medical proof in the record." *Id.* at *16.

Applying this authority, the only medical opinions on causation in this case do not support that Ms. Derrick's injury arose primarily out of employment. Therefore, she has not met her burden to show that she is likely to prevail at a hearing on the merits, and the Court must deny her request.

Ms. Derrick testified credibly and sincerely that she still suffers pain in her hands and wrists, which she believes was caused by repetitive typing. However, her testimony, without supporting medical proof, is insufficient for the Court to order the relief she seeks.

*Id.* at *11. Nothing precludes Ms. Derrick, however, from obtaining an additional medical opinion to support her request for benefits at a later hearing.

Finally, the Court will not allow Optum to escape consequences for its failure to comply with the panel statute. As in *Berdnik,* the Court refers this case to the Compliance Program for investigation and the potential imposition of penalties for Optum's failure to offer a panel of physicians. *Id.* at *19-20.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Ms. Derrick's request for additional medical treatment and specifically a panel of physicians is denied at this time.

2. The Court sets a status hearing on **February 6, 2023, at 10:15 a.m. Central Time.** You must dial (615) 532-9552 or (866) 943-0025 to participate.

3. The case is referred to the Compliance Program for investigation and the potential imposition of a penalty for Optum's failure to offer a panel.

**ENTERED December 13, 2022.**

*Kenneth M. Switzer*

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

Evidence:
1. Ms. Derrick's Declaration
2. Employee's Medical Records
3. Declaration of Mark Snyder

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice and Employer's additional issues
3. Request for Expedited Hearing
4. Order Setting Expedited Hearing
5. Employer's Exhibit List
6. Employer's Amended Witness List
7. Employer's Brief

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on December 13, 2022.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|------|------|------|------|
| Rosalind Derrick, employee | | X | X | 1535 Wilma Rudolph Blvd. Clarksville TN 37040 rosalindderrick@gmail.com |
| Alaina Beach, employer's attorney | | | X | abeach@lewisthomason.com kwood@lewisthomason.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $_____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) | _____ |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) | _____ |
| Other | $ _____ | Describe: | _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                        RDA 11082